**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



Russ Kendig
United States Bankruptcy Judge

**Dated: 05:38 PM February 4, 2020**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 11 |
| | ) | |
| SCI DIRECT LLC, | ) | CASE NO. 17-61735 |
| | ) | |
| Debtor. | ) | ADV. NO. 19-6030 |
| _____ | ) | |
| MARK D. KOZEL, SOLELY IN | ) | JUDGE RUSS KENDIG |
| HIS CAPACITY AS CREDITOR | ) | |
| TRUSTEE OF THE SUAREZ | ) | |
| CORPORATION CREDITOR | ) | |
| TRUST, | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| FOWLER & ASSOCIATES, INC., | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

  Defendant moved to set aside the default judgment entered on October 29, 2019. Plaintiff opposes the motion.

  The court has jurisdiction of this proceeding under 28 U.S.C. § 1334(b) and the general

1

order of reference entered by the United States District Court on April 4, 2012. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(2)(F) and the court has authority to issue final entries. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

## FACTS

On August 7, 2019, Plaintiff filed a complaint to recover a preference from Defendant and to disallow its claim. The court issued a summons on August 23, 2019. An answer was due by September 23, 2019.

The proof of service indicates Plaintiff served Defendant by regular and certified mail on August 26, 2019, addressed to Fowler & Associates, Inc., c/o Sue Fowler, 6095 Wales Road NW, Massillon, OH 44646. This is the statutory address recorded with the Ohio Secretary of State for Defendant. Sue Fowler is Defendant's agent and president.

No answer was filed. Plaintiff applied for default and the Clerk's Entry of Default was entered on October 25, 2019. On October 28, 2019, Plaintiff moved for default judgment and the court granted the motion on October 29, 2019. Defendant filed the motion to set aside default judgment on December 9, 2019, contending the agent never received the summons or complaint. The agent says her first knowledge of the adversary was on or about November 18, 2019 when she received the default judgment order. She states she has resided in Florida since September 2019.

## DISCUSSION

Federal Rule of Civil Procedure 55(c) allows a court to "set aside an entry of default for good cause, and may set aside a final default judgment under Rule 60(b)." This rule is applicable to bankruptcy practice through Federal Bankruptcy Rule 7055. Defendant relies on Federal Civil Rule 60(b)(4) and 60(b)(6) for relief from the default judgment. These rules are incorporated through Bankruptcy Rule 9024. Under Rule 60(b)(4), the court can set aside the default judgment if it is void, or for "any other reason that justifies relief" under Rule 60(b)(6).

I. **Rule 60(b)(4)**

Insufficient service is grounds to set aside a default judgment as void. PNC Equip. Fin., LLC v. Keller, 2014 WL 1515877 (S.D. Ohio 2014) (unpublished) (citing O.J. Distrib., Inc. v. Hornell Brewing Co., Inc., 340 F.3d 345, 353 (6th Cir. 2003)). Plaintiff contends it properly served Defendant by regular and certified mail on August 26, 2019. The law recognizes a presumption of receipt upon proof "that the item was properly addressed, had sufficient postage, and was deposited in the mail." In re Yoder Co., 758 F.2d 1114, 1118 (6th Cir. 1985) (citing Simpson v. Jefferson Std. Life Ins. Co., 465 F.2d 1320, 1323 (6th Cir. 1972)). The presumption of service is stronger for certified mail when "there is proof of attempted delivery and

2

notification of certified mail." Sanchez v. Holder, 627 F.3d 226, 232 (6th Cir. 2010) (citing In re Grijalva, 21 I. & N. Dec. 27, 33-34 (BIA 1995)). The court finds that Plaintiff's failure to provide a copy of the green card, or other similar proof of certified mail service, negates application of the stronger presumption. The court will accept Plaintiff's affidavit concerning service as sufficient to create a lesser presumption of receipt.[1]

In an affidavit, Defendant's statutory agent and president denied receipt of the summons and complaint. She also avers that she has been a resident of Florida since September of 2019[2] and further swears that she became aware of the adversary proceeding on November 18, 2019. Her affidavit is sufficient to rebut the presumption of receipt. The Perfect Score Co., Inc. v. Miller, 2011 WL 4540742, * 4 (N.D. Ohio 2011). The court is now left with a question of fact as to whether Defendant was properly served, requiring an evidentiary hearing under Rule 60(b)(4).[3] Id. The court will therefore consider Defendant's request under Rule 60(b)(6).

## II.     Rule 60(b)(6)

Rule 60(b)(6) is a "catchall provision" intended to provide relief for grounds not otherwise contained in Rule 60(b). Miller v. Mays, 879 F.3d 691 (6th Cir. 2018) (citations omitted). As a result, relief under Rule 60(b)(6) is rare, only available in "unusual and extreme situations where principles of equity *mandate* relief." Olle v. The Henry & Wright Corp., 910 F.2d 357, 365 (6th Cir. 1990). Because relief is available to Defendant under Rule 60(b)(4), the court cannot consider relief under Rule 60(b)(6). In re Ruehle, 296 B.R. 146 (Bankr. N.D. Ohio 2003).

## **CONCLUSION**

Proof of lack of proper service is grounds to vacate a default judgment under Rule 60(b)(4). Plaintiff presented sufficient proof it timely mailed, by regular and certified mail, the summons and complaint to Defendant, thereby creating a presumption of receipt. Defendant's agent averred she did not receive the summons or complaint. With rebuttal of the presumption, the court is left with a question of fact as to whether service was proper and it had jurisdiction over Defendant to enter the default judgment. An evidentiary hearing is necessary to determine this fact.

Defendant also sought relief under Rule 60(b)(6). Rule 60(b)(6) is not meant to supplant the other provisions of Rule 60(b). Consequently, if relief is available under another section of Rule 60(b), Rule 60(b)(6) is inapplicable. Defendant's facts speak directly to Rule 60(b)(4) and

---

[1] Although Plaintiff did not specifically attest to sufficient postage in his affidavit, the court is willing to presume that payment of proper postage is inherent in Plaintiff's sworn statement regarding service absent a direct challenge by Defendant.

[2] The court does not suggest that Plaintiff's use of the statutory agent address on file with the Ohio Secretary of State was erroneous. Her statement is mentioned to demonstrate the possible existence of an extra obstacle to receipt.

[3] Not all courts require an evidentiary hearing when the presumption is rebutted. See e.g., Berkley v. Williams, 2019 WL 639026 (W.D. Tenn. 2019); TKT-Nectir Global Staffing, LLC v. Managed Staffing, Inc., 2018 WL 5636163 (W.D. Ky. 2018) (unreported); Fifth Third Bank v. Mytelka, 2009 WL 2046849 (W.D. Ky. 2009).

19-06030-rk    Doc 13    FILED 02/04/20    ENTERED 02/05/20 10:23:20    Page 3 of 4

it therefore cannot avail itself of Rule 60(b)(6).

An order will be issued with this opinion.

# # #

**Service List:**

Maria Carr
Scott N. Opincar
McDonald Hopkins LLC
600 Superior Avenue East Suite 2100
Cleveland, OH 44114

Gerald L. Baker
3711 Whipple Avenue NW
Canton, OH 44718-2933